STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
ASHLEY M. TEESDALE – Bar No. 289919
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     sgubner@bg.law
           jkomorsky@bg.law
           jbagdanov@bg.law
           ateesdale@bg.law

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>METALLIC BLUE DEVELOPMENT LLC,<br><br>Debtor. | Bankr. Case No. 2:22-bk-16483-WB<br><br>Chapter 7<br><br>Adv. Case No. _____ |
| ALL CLAIMS RECOVERY GROUP LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MIKHAEL COOK, an individual,<br><br>Defendant. | COMPLAINT |

Plaintiff All Claims Recovery Group LLC ("Plaintiff"), in its own right and on behalf of the bankruptcy estate (the "Estate") of Metallic Blue Development LLC (the "Debtor"), complaining of defendant Mikhael Cook, an individual ("Mr. Cook" or the "Defendant"), alleges as follows:

1

## NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to the Defendant and related relief.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant received transfers from the Debtor as detailed described in the attached Exhibit 1 (the "Transfers"). In exchange for the Transfers, the Defendant did not provide any benefit to the Debtor; to the extent that services were provided in exchange for the Transfers, that the services benefitted a third party and not the Debtor. Therefore, the Debtor did not receive reasonably equivalent consideration for the Transfers.

3. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544, 547, and/or 548 and recovering the Transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendant, including pursuant to 11 U.S.C. § 502(d), until Defendant pays the transfers at issue in full to the Plaintiff.

4. To the extent that the Defendant has filed a proof of claim or has a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or has otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Estate's right to object to such Claims for any reason, including, but not limited to any grounds set forth in Sections 502(a) through (j) ("Section 502") of Title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by the Plaintiff herein as further stated below.

## STATEMENT OF JURISDICTION, VENUE AND PROCEEDINGS

5. The Bankruptcy Court ("Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

6. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

2

7. This adversary proceeding arises out of the Debtor's bankruptcy case. The Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Trustee consents to the Court entering a final judgment in this proceeding.

## THE PARTIES

8. Plaintiff All Claims Recovery Group LLC is a California limited liability company and is the designee of Blue Orchid Concepts LLC ("Blue Orchid"). As Blue Orchid's designee, and as described herein, Plaintiff has standing to prosecute any and all claims belonging to the bankruptcy estate of the Debtor by virtue of 11 U.S.C. § 541.

9. Defendant Mikhael Cook ("Mr. Cook" or "Defendant") is an individual who regularly conducts business in the Central District of California.

## GENERAL ALLEGATIONS

**A.   Procedural Background**

10. On November 28, 2022 (the "Petition Date"), a chapter 7 involuntary petition was filed against Metallic Blue Development LLC (the "Debtor") by Blue Orchid Concepts LLC or its designee ("Blue Orchid") and the other petitioning creditors John Gonda, Pauline Poon, Vijay A. Vakulabharanam, Satish Nair, Steve Ng, and Phoebe Ng.

11. On February 1, 2023, the order for relief ("Order for Relief") against the Debtor was entered, and on February 7, 2023, Timothy J. Yoo was duly appointed as chapter 7 trustee (the "Trustee"), in which capacity he continues to serve.

**B.   Historical Background**

12. The Debtor was formed in 2018 as a California limited liability company managed by Brian Dozier. The Debtor operated as a real estate investment and development company. Its business model was to manage the purchase, renovation or repositioning, and sale of real property in Southern California.

13. In total, the Debtor invested in or managed over 30 separate real estate projects. In a few instances the Debtor held title to the real property in its own name, but in most cases title was

held in the name of a related or affiliated entity and the Debtor acted as manager or held some ownership interest in the title-holder.

14. To fund its business, the Debtor relied upon investors, which consisted primarily of several hundred "mom-and-pop" individuals who provided millions of dollars of funding to the Debtor by entering into standard template investment agreements that typically promised an approximate 15% return on investment within one year. Often these agreements promised profits from specific properties. Profits from various real estate projects were either paid out to investors or rolled forward into new projects. The Debtor's investor relations were managed by Scoutpads, LLC ("Scoutpads") from 2018 and onward.

15. Unbeknownst to Scoutpads, when the Debtor received these loans, as a matter of course it would promptly transfer the funds to other entities, use the funds to purchase properties or options to purchase properties in the name of entities that were not owned by the Debtor, or otherwise disburse the funds without receiving reasonably equivalent value in return. In other words, the Debtor would accept funds from a lender and then immediately or shortly thereafter transfer the loan monies while retaining the debt obligation. As a result, the Debtor's liabilities exceeded its assets as a matter of course, as such the Debtor was insolvent at all times relevant to this Complaint.

16. Beginning in or around late 2021, the Debtor's pattern of funding projects and communicating regarding progress of such projects noticeably changed. In particular, the Debtor ceased communications with Scoutpads, which prevented Scoutpads from effectively communicating with the Debtor's investors on its behalf.

17. In mid-2022, the Debtor stopped responding to investor inquiries and requests for repayment on debts due and owing as well as requests for simple status updates on individual investments. In turn, Scoutpads received numerous complaints from investors regarding the Debtor's—specifically Brian Dozier's—complete and utter failure to communicate with investors.

18. The Debtor also stopped paying Scoutpads, and as of the Petition Date, Scoutpads was (and remains) owed over $3.5 million on account of investor relations work it performed for the Debtor.

19. During this time, multiple of the Debtor's investment properties had been foreclosed upon or had been involved in bankruptcy proceedings, but the Debtor had not advised any of the relevant investors of these material updates impacting their investments. Specifically, no less than four bankruptcy cases were commenced related to properties where the Debtor had an ownership interest or was acting as manager. The Debtor employed the same attorney in the majority of these bankruptcy cases, and appears to have filed these cases as tactics to delay the respective secured creditors' inevitable collection efforts, as follows:

- *In re Sashay Sand LLC,* 2:22-bk-14332-WB (C.D. Cal.) (dismissed with a 180-day bar to refiling)
- *In re Strategic Equity Investors, LLC,* 2:22-bk-14746-BB (C.D. Cal.) (dismissed voluntarily by debtor because creditor obtained relief from the automatic stay)
- *In re Coin Connect, LLC,* 2:22-bk-13208-NB (C.D. Cal.) (dismissed for debtor's failure to participate in bankruptcy case)
- *In re Thompson Falls, LLC,* 2:23-bk-11092-DS (C.D. Cal.) (dismissed for debtor's failure to appear at 341(a) hearing)

20. In fact, as of year-end 2022, the Debtor had a negative equity value of approximately $549,300.

21. Ultimately, an involuntary petition for bankruptcy relief was filed against the Debtor, with Blue Orchid—an affiliate of Scoutpads—acting as one of the petitioning creditors.

C.   **Plaintiff's Standing to Prosecute this Action**

22. After entry of the Order for Relief, the Trustee began his investigation into the business and financial affairs of the Debtor, and identified numerous recipients of potentially avoidable transfers of property belonging to the Debtor.

23. On June 14, 2024, the Court entered an order authorizing the Trustee to sell and assign any and all claims held by the Debtor's bankruptcy estate to Blue Orchid or its designee—which designee is All Claims Recovery Group, LLC. See Order Granting Chapter 7 Trustee's Motion for an Order Approving Sale and Settlement of Claims [Bk. Doc. 205] (the "Sale Order").

24. Accordingly, the Plaintiff has standing to pursue these claims for the ultimate benefit of the Debtor's estate, which estate is comprised of the numerous investors defrauded by the Debtor, among others.

**D.    Defendant's Relationship with the Debtor and Transfers Received**

25. Plaintiff is informed and believes, and based thereon alleges, that Mr. Cook received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $51,000 as detailed in Exhibit 1, within 2 years of the Petition Date ("2 Year Cook Transfers").

26. Plaintiff is further informed and believes, and based thereon alleges, that Mr. Cook received or was the direct and intended beneficiary of, additional transfers from the Debtor totaling at least $60,000 as detailed in Exhibit 1, between 2 and 4 years preceding the Petition Date ("4 Year Cook Transfers" and collectively with the 2 Year Cook Transfers, the "Transfers"). The Transfers total $111,000.

27. Plaintiff is informed and believes, and based thereon alleges, that the Debtor did not receive reasonably equivalent value in exchange for the Transfers. To the extent that the Defendant or any person or entity on the Defendant's behalf performed services in exchange for the Transfers, those services were for the benefit of third parties and not for the Debtor.

**FIRST CLAIM FOR RELIEF**

**For Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Against Defendant**

**[11 U.S.C. §§ 544, 548 and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date, the Debtor made the Transfers to Defendant, on the dates and in the amounts set forth herein with the actual intent to delay, hinder or defraud the Debtor's creditors.

30. Plaintiff is further informed and believes and thereon alleges that during the two-year period immediately preceding the Petition Date, the Debtor made the 2 Year Cook Transfers to

6

Defendant, on the dates and in the amounts set forth herein with the actual intent to delay, hinder or defraud the Debtor's creditors.

31. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544, 548 and/or Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

**For Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Against Defendant**

**[11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.04(a)(2) or and 3439.07]**

32. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

33. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date Debtor made the Transfers listed herein to Defendant. Each of the Transfers made during the four-year period immediately preceding the Petition Date was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when Debtor was insolvent or as a result of which Debtor became insolvent; or (ii) at a time that Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (iii) at a time when Debtor intended to incur, or believed or should reasonably have believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

34. By virtue of the foregoing, the Plaintiff may avoid the Transfers as fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 548 and/or California Civil Code §§ 3439.04(a)(2) and 3439.07.

## THIRD CLAIM FOR RELIEF

**Recovery of Avoided Transfers Against Defendant**

**[11 U.S.C. §§ 544, 550(a)(1) and (2) and California Civil Code § 3439.07]**

35. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

36. By reason of the foregoing, Plaintiff is entitled to recover for the benefit of the Estate the Transfers from Defendant pursuant to 11 U.S.C. §§ 544, 550(a), and/or California Civil Code § 3439.07.

## FOURTH CLAIM FOR RELIEF

### Claim Disallowance Against Defendant

### [11 U.S.C. § 502]

37. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

38. Defendant is a transferee of transfers avoidable under Sections 544, 547, or 548 of the Bankruptcy Code and is an entity from whom property is recoverable under Section 550 of the Bankruptcy Code.

39. Defendant has not paid the amount of the transfers for which Defendant is liable under Section 550 of the Bankruptcy Code.

40. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Debtor's Estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

41. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or his assignee, against the Debtor's Estate previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

## FIFTH CLAIM FOR RELIEF

### Unjust Enrichment Against Defendant

42. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

43. On information and belief, the Debtor conferred a benefit on the Defendant by paying the Transfers and/or paying for services that ultimately benefited the Defendant.

44. The Defendant has accepted or retained the benefits conferred upon him by the Debtor.

45. Defendant's receipt and retention of the Transfers or the services is inequitable and unjust without paying the Debtor what is owed on account of those Transfers or services.

46. Accordingly, the Defendant should pay the above sums to the Debtor for the benefits unjustly conferred to Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. On the First Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

B. On the Second Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

C. On the Third Claim for Relief, to recover the value of the Transfers, from Defendant, for the benefit of the Estate, in the combined amount of $111,000.00, plus interest at the maximum legal rate from the date of the Transfers, or such other amount as shall be shown by proof at trial;

D. On the Fourth Claim for Relief, for disallowance of Defendant's Claims against the Debtor;

E. On the Fifth Claim for Relief, for recovery of the benefits conferred, in an amount to be proved at trial, and in at least the amount of the Transfers, for the benefit of the Estate;

F. As to All Claims for Relief, the Plaintiff reserves the right to amend according to proof at the time of trial, and seeks:

    i. Pre-judgment interest and post-judgment interest;

    ii. Punitive and exemplary damages for all claims for which such damages may be awarded under applicable law;

    iii. Reasonable attorneys' fees and costs permitted under applicable law; and

    iv. Such other and further relief as is just and proper.

DATED: January 31, 2025        BG LAW LLP

By: /s/ Ashley M. Teesdale
Jason B. Komorsky
Jessica L. Bagdanov
Ashley M. Teesdale
Attorneys for All Claims Recovery Group LLC

9

# EXHIBIT 1

# Exhibit 1
## Transfers

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $35,000.00 | 11/19/19 | Mikhael Cook | N/A |
| 9844 | Wire or ACH | $25,000.00 | 3/11/20 | Mikhael Cook | N/A |
| 9844 | Wire or ACH | $45,000.00 | 7/21/21 | Mikhael Cook | N/A |
| 9844 | Wire or ACH | $6,000.00 | 11/3/2021 | Mikhael Cook | N/A |

| Transfer Totals | |
|---|---|
| **90-Day** | $0.00 |
| **1-Year** | $0.00 |
| **2-Year** | $51,000.00 |
| **4-Year** | $111,000.00 |